# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 21-1024V
### Reissued for Public Availability: May 4, 2026

```
* * * * * * * * * * * * * * * * * * * * * * * *   *
                                                  *
                                                  *
KIM GENTRY,                                       *
                                                  *
                                                  *
                Petitioner,                       *   Special Master Jennifer A. Shah
                                                  *
                                                  *
v.                                                *
                                                  *
                                                  *   Filed: March 23, 2026
SECRETARY OF HEALTH AND                           *
HUMAN SERVICES,                                   *
                                                  *
                                                  *
                Respondent.                       *
                                                  *
* * * * * * * * * * * * * * * * * * * * * * * *   *
```

*Kim Gentry*, Kingsport, TN, *pro se*.
*Eleanor Hanson*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

### I.   Procedural History

On March 4, 2021, Kim Gentry ("Petitioner" or "Mr. Gentry") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program"). ECF No. 1. No supporting documentation was filed with the Petition. *See generally id.* Petitioner, then represented by Mr. Curtis Webb, was granted numerous extensions to file his medical records and other evidence. Ultimately, on July 7, 2023,

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. For ease of citation, all "§" references to the Vaccine Act in this Decision will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

more than two years after the initiation of this case, Chief Special Master Corcoran issued an Order to Show Cause.  ECF No. 18.

On September 5, 2023, Petitioner filed an affidavit, some uncertified medical records, and the Pre-Assignment Review ("PAR") Questionnaire.  ECF Nos. 20-21, 23.  He also filed a response to the Order to Show Cause.  ECF No. 24.

This case was subsequently activated from PAR and reassigned to former Special Master Katherine E. Oler.  ECF Nos. 25, 26.  Four extensions of time were given to Petitioner to file an Amended Petition, supplemental affidavit, certified medical records, and a Statement of Completion.  *See* non-PDF Orders dated 11/20/2023, 1/23/2024, 3/25/2024, and 5/22/2024.

This case was transferred to me on August 14, 2024.  ECF No. 33.  That day, I granted Petitioner a fifth extension of time to file the required documents.  *See* non-PDF Order dated 8/14/2024.  On September 5, 2024, Mr. Webb filed a status report indicating he had lost communication with his client and requesting a status conference.  ECF No. 34.

On September 17, 2024, I held a status conference via telephone with counsel.  Mr. Webb informed me that he had attempted to communicate with his client via telephone, email, and mail for the past six months, to no avail.  ECF No. 35 at 1.  Based on Mr. Webb's recommendation, I issued a second Order to Show Cause in this case, directing Petitioner to communicate with the Court if he wanted to continue the prosecution of his case.  *Id.*

On November 21, 2024, Petitioner filed a status report.  ECF No. 37.  Petitioner listed some grievances regarding Mr. Webb's handling of this case and indicated he wanted to continue with his claim.  *Id.* at 1-2.  On November 25, 2024, I issued an order directing Petitioner and Mr. Webb to communicate with one another regarding whether Mr. Webb should continue to represent Petitioner in this matter.  ECF No. 38.

On February 3, 2025, Mr. Webb filed a motion to withdraw as counsel of record, which I granted.  ECF Nos. 39, 40.  On March 3, 2025, I issued an order directing Petitioner to contact my chambers to schedule a status conference.  ECF No. 42.  On March 5, 2025, I held a status conference with Mr. Gentry, now *pro se*, and Respondent's counsel, Ms. Eleanor Hanson.  I discussed with Mr. Gentry how his case would proceed, and I encouraged him to look for another attorney.  ECF No. 44.  I also asked Ms. Hanson if she had reviewed this case and whether Respondent had determined his position.  *See id.*  I set deadlines for both parties to file status reports to progress this case.  *See id.*

On May 16, 2025, Respondent filed a Rule 4(c) Report, recommending that compensation be denied and the case be dismissed.  ECF No. 49 at 2.  Respondent argued that Petitioner had not provided a medical theory causally connecting the vaccination to his alleged injury, a logical sequence of cause and effect showing the vacation was the reason for the injury, or a showing of a proximate temporal relationship between the vaccination and injury.  *Id*. at 19.

Since the March 5, 2025 status conference, Mr. Gentry has not communicated with the Court, despite the issuance of multiple orders directing him to provide an update on his search for

legal representation.  *See* ECF No. 48, 51, 52.  After Mr. Gentry's August 22, 2025 deadline to report his status passed with no filing or communication, my law clerk reached out to him via email on September 2, 2025.  *See* Informal Communication by Chambers entered on 9/5/2025.  He did not respond.  On September 5, 2025, I issued a third Order to Show Cause directing him to respond before November 4, 2025, to continue prosecution of his claim.  ECF No. 53.  Mr. Gentry was warned that failure to comply might result in the dismissal of this case.  *Id.* at 3.  On November 13, 2025, I *sua sponte* granted another 60 days to respond.  ECF No. 54.  On January 15, 2026, I issued a final Order to Show Cause, warning that "[t]his is the last extension I will grant Petitioner."  ECF No. 55 at 3.  The deadline of March 16, 2026, has now passed with no communication from Mr. Gentry.

## II.      Discussion

Vaccine Rule 21(c)(1) provides that a "special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court."  It is Petitioner's obligation to follow court orders.  Failure to follow court orders or to file status reports or other required documents can result in dismissal of Petitioner's claim.  Vaccine Rule 21(c); *Tsekouras v. Sec'y of Health & Hum. Servs.*, 26 Cl. Ct. 439 (1992), 991 F.2d 810 (Fed. Cir. 1993) *aff'd per curiam without opin.*; *Sapharas v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 503 (1996); *see, e.g.*, *Plowman v. Sec'y of Health & Hum. Servs.*, No. 18-469V, 2020 WL 8770207 (Fed. Cl. Spec. Mstr. Dec. 14, 2020) (dismissing petition for failure to respond to an Order to Show Cause and not communicating with Chambers for six months); *Reagan v. Sec'y of Health & Hum. Servs.*, No. 22-912V, 2023 WL 2319335, at *2 (Fed. Cl. Spec. Mstr. Mar. 2, 2023) (dismissing petition for not paying the filing fee, failure to respond to an Order to Show Cause, and not communicating with Chambers for four months).

Petitioner has not communicated with my chambers in more than a year, since the March 5, 2025 status conference.  *See* ECF No. 44.  Despite having ample opportunity to communicate with the Court, Petitioner has not done so.  I have explicitly warned Petitioner that failure to prosecute his claim could result in a dismissal.  ECF No. 53.  In the months since this warning was given, I have continued to give Petitioner time to reach out to the Court, to no avail.  *See* ECF Nos. 54, 55.

## III.      Conclusion

Petitioner has failed to communicate with chambers, failed to timely respond to the Order to Show Cause after several extensions of time to do so, and neglected to prosecute his case.  **His petition is therefore DISMISSED for failure to follow court orders and failure to prosecute.**  The clerk shall enter judgment accordingly.

A copy of this Decision shall be sent to Petitioner by regular first-class mail to the following address:

Kim Gentry
3205 Park Cliff Drive
Kingsport, TN 37664

3

Any questions regarding this Decision may be directed to my law clerk, Sydney Lee, by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

Jennifer A. Shah
Special Master